UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------------------X
THE CHARTER OAK FIRE INSURANCE COMPANY,

                  Plaintiff,

-against-

FEDERATED MUTUAL INSURANCE COMPANY,

                  Defendant.
---------------------------------------------------------------------X

Civil Action No.:

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, THE CHARTER OAK FIRE INSURANCE COMPANY ("Charter Oak"), by its attorneys, Usery & Associates, as and for its Complaint for Declaratory Judgment against Defendant, FEDERATED MUTUAL INSURANCE COMPANY ("Federated"), alleges upon information and belief as follows:

## NATURE OF THE ACTION

1. This is an insurance coverage action brought for declaratory relief for defense and indemnification arising out of an insurance policy that Federated issued to S.L. Kelley Electric Company, Inc. ("Kelley") as a named insured thereunder.

2. In this action, Charter Oak seeks a declaration that Federated is obligated to defend and to indemnify Corporate Construction, Inc. ("CCI") in connection with a lawsuit for property damage following an electrical incident on June 15, 2023, at ASML US, LLC's semiconductor manufacturing facility in Wilton, Connecticut.

3. The lawsuit, entitled, *ASML US, LLC v. Corporate Construction, Inc. et al.*, Docket No. *FST-CV-25-6074453-S*, is currently pending in Connecticut Superior Court for the Judicial District of Stamford-Norwalk (the "Underlying Lawsuit").

4.	Charter Oak also seeks a declaration that Federated is obligated to reimburse Charter Oak for defense costs paid by Charter Oak to date in the defense of the claims asserted against CCI in the Underlying Lawsuit.

## PARTIES

5.	At all times relevant hereto, Charter Oak was and is a Connecticut corporation duly licensed and authorized to write insurance and conduct business in the Commonwealth of Massachusetts with a principal place of business in Hartford, Connecticut.

6.	Upon information and belief, at all times relevant hereto, Federated was and is a Minnesota corporation duly licensed with a principal place of business in Owatonna, Minnesota.

## JURISDICTION AND VENUE

7.	This Court has subject matter jurisdiction due to diversity of citizenship and amounts in controversy in excess of $75,000, exclusive of interests and costs, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 2201.

8.	Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events or omissions giving rise to the claims occurred here.

9.	An actual justiciable controversy exists between the parties as to the coverage afforded under an insurance policy issued by Defendant, Federated.

10.	The Plaintiff, Charter Oak has no adequate remedy at law.

## THE INSURANCE POLICIES

11.	Charter Oak issued to CCI a policy of Commercial General Liability ("CGL") insurance (policy number DT-CO-0K19471A0COF-22) with effective dates of 11/01/22 to 11/01/23 (the "Charter Oak Policy").

12. Subject to certain terms, the Charter Oak Policy generally provides, among other things, coverage for property damage that takes place during the policy period and is caused by an occurrence.

13. Charter Oak has been providing CCI with coverage and defense under the Charter Oak Policy pursuant to its terms, conditions, and exclusions in connection with the Underlying Lawsuit.

14. The Charter Oak Policy contains excess "other insurance" clauses that provide that coverage under the Charter Oak Policy is excess over any other coverage available to the insured when the insured is an additional insured, or is any other insured that does not qualify as a named insured, under such other insurance.

15. Defendant, Federated issued to Kelley a policy of CGL insurance (the "Federated Policy").

16. The Federated Policy includes Endorsement CG 20 01 12 19 which sets forth that the Federated Policy is primary and non-contributory to any additional insured that Kelley has agreed to provide additional insured coverage in a contract.

17. The Federated Policy also includes Endorsement CG 20 33 12 19, which defines an insured as,

> "any person or organization for whom you are performing operations when you and such person or organization have agreed in a contract or agreement that such person or organization be added as an additional insured on your policy. Such person or organization is an additional insured only with respect to liability for 'bodily injury', 'property damage' or 'personal and advertising injury' caused in whole or in part by (1) your acts or omissions in the performance of your ongoing operations for the additional insured."

## RELEVANT FACTUAL BACKGROUND

18. CCI served as Construction Manager for ASML US, LLC's ("ASML") project "IN 01128 B77 NE Coating Expansion 2022" (hereafter, "the Project") at ASML's semiconductor manufacturing facility located at 77 Danbury Road, Wilton, Connecticut.

19. The written agreement between ASML and CCI was executed on November 8, 2022, with CCI responsible for managing various construction activities at ASML's semiconductor manufacturing facility.

20. As part of the Project scope, CCI subcontracted electrical work to Kelley pursuant to a comprehensive subcontract agreement, Subcontract # 2871.20, dated August 24, 2022 ("the Subcontract").

21. The Subcontract contains an Indemnification clause, which provides as follows:

> To the fullest extent permitted by law, the Subcontractor shall indemnify and save harmless the Contractor, the Owner, the Architect/Engineer and any other person or entity required by the Contract Documents and their representatives, consultants, officers, members, shareholders, agents, servants, employees, and each of them (hereinafter individually and collectively, the "Indemnitees") from and against any and all claims made or asserted for any damage or injury of any kind or nature whatsoever (including death), to any person or property which claims result from, arise out of, or occur in connection with the execution of the Subcontractor's Work, but only to the extent caused by the negligent acts or omissions of the Subcontractor, anyone directly or indirectly employed by them or anyone for whose acts they may be liable.
>
> Such obligations shall not be construed to negate, abridge, or otherwise reduce other rights or obligations of indemnity which would otherwise exist as to a party or person described in this section.
>
> To the fullest extent permitted by law, the Subcontractor agrees to assume the defense of the Owner, the Contractor, the Architect, the Architect's consultants, and the agents and employees of any of them, in any claim, proceeding, lawsuit, and/or litigation arising out of any accident, incident, or occurrence that is caused by, connected with, arising out of, or resulting from the performance of the Subcontractor's work under this contract.

> The subcontractor agrees that the obligation to defend commences when a claim is made against the Owner, Contractor, Architect, Architect's consultants, and/or the agents and employees of any of them, even if the subcontractor disputes its obligation to indemnify and hold harmless. The party being defended shall have the right to choose its own counsel. The subcontractor agrees to pay for defense of the Owner, Contractor, Architect, Architect's consultants, and the agents and employees of any of them, with counsel chosen by the party to be defended, upon demand.

See **Exhibit 1, ¶ 7**.

22. Exhibit A of the Subcontract entitled "Insurance Requirements" requires Kelley to:

   1. Name CCI as an Additional Insured on Kelley's General Liability, Automobile Liability, and Umbrella Liability policies;
   2. Provide coverage on a "Primary and Non-Contributory" basis;
   3. Include Additional Insured Endorsements CG 20 10 (07 04) and/or CG 20 37 (07 04) or equivalent;
   4. Cover both ongoing operations and completed operations; and
   5. Provide certificates of insurance before commencing work.

See **Exhibit 1, Exhibit A**.

23. Prior to June 15, 2023, Kelley was performing electrical work at ASML's semiconductor manufacturing facility pursuant to the Subcontract.

24. On June 15, 2023, while performing electrical work, Kelley attempted to remove an electrical cable from a live switchboard.

25. Kelley performed this work without informing ASML, without obtaining approval from ASML, and without conducting any safety or technical evaluation of the work.

26. This negligent act by Kelley resulted in a high-voltage short circuit that caused extensive damage to ASML's electrical equipment.

27. The incident caused approximately $500,000.00 in damage to electrical equipment and approximately $1.5 million in loss of use of the building.

28. The incident also caused significant operational downtime at ASML's semiconductor manufacturing facility.

29. On December 20, 2023, ASML, through its counsel, sent CCI a demand for indemnification as a result of the June 15, 2023 incident.

30. ASML demanded $2,089,596.00 in contractual indemnity from CCI for losses and expenses incurred as a result of the June 15, 2023 incident.

31. On or about June 26, 2025, ASML filed the Underlying Lawsuit against CCI and Kelley.

32. The Underlying Lawsuit asserts claims for breach of contract against CCI for failure to properly supervise Kelley, indemnification against CCI for losses and expenses, negligence against CCI for failing to properly supervise Kelley's work, and negligence against Kelley for unsafe work practices.

33. ASML alleges damages in excess of $4,000,000.00.

34. Charter Oak has been providing and continues to provide a defense to CCI in the Underlying Lawsuit.

**TENDERS TO FEDERATED**

35. CCI qualifies as an additional insured under the Federated policy and based on the terms of the Subcontract between CCI and Kelley.

36. On January 23, 2024, Charter Oak tendered the defense of CCI in the Underlying Lawsuit to Federated, and Charter Oak demanded that Federated defend and indemnify CCI as an additional insured under the Federated Policy issued to Kelley.

37. On March 21, 2024, Federated indicated that Charter Oak's tender was premature, but that Federated has assigned counsel to review the matter.

38. On September 15, 2025, after ASML filed the Underlying Lawsuit, Charter Oak re-tendered to Federated.

39. On September 16, 2025, Federated responded to Charter Oak's re-tender, indicating that Federated's tender denial stands.

40. To date, Federated has refused and continues to refuse to defend and indemnify CCI in the Underlying Lawsuit.

## CHARTER OAK'S CAUSE OF ACTION FOR DECLARATORY RELIEF

41. Charter Oak repeats and realleges the allegations contained in paragraphs 1-40 above as if set forth here in their entirety.

42. CCI qualifies as additional insured under the Federated Policy issued to Kelley for the claims asserted against CCI in connection with the Underlying Lawsuit.

43. CCI is entitled to a defense under the Federated Policy issued to Kelley, as well as to indemnification thereunder for any verdict or judgment rendered against CCI in the Underlying Lawsuit.

44. Coverage provided to CCI under the Federated Policy issued to Kelley with respect to the Underlying Lawsuit is primary to that provided by the Charter Oak Policy.

45. Federated has yet to accept Charter Oak's tender and has yet to provide additional insured coverage for CCI as required by the Subcontract and the Federated Policy issued to Kelley, with respect to the Underlying Lawsuit.

46. Accordingly, Chater Oak seeks a declaration that Federated has an obligation to defend and indemnify CCI as an additional insured; that the coverage provided by the Federated Policy to CCI is primary; and that the obligations of Charter Oak to CCI in the Underlying Lawsuit are excess to proper exhaustion and full payment of the limits of the Federated Policy.

47. In addition, Charter Oak seeks an award at law and in equity against Federated for recovery of all sums Charter Oak has incurred and continues to incur in defense of CCI in the Underlying Lawsuit because the coverage provided by the Federated Policy are primary to any coverage provided by Charter Oak.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff, Charter Oak prays that judgment be entered as follows:

1. Declaring that the Federated Policy was in full force and effect on the date of the June 15, 2023 incident.

2. Declaring that all terms and conditions of the Federated Policy has been complied with and met.

3. Declaring that the June 15, 2023 occurrence and the allegations in the Underlying Lawsuit fall within the coverage afforded by the Federated Policy.

4. Declaring that the Defendant, Federated owes a duty to defend CCI in connection with the Underlying Lawsuit.

5. Declaring that the Defendant, Federated owes a duty to indemnify CCI in connection with the Underlying Lawsuit.

6. Declaring that the Defendant, Federated's coverage obligations to CCI in connection with the Underlying Lawsuit are primary and non-contributory.

7. Declaring that Plaintiff, Charter Oak's coverage obligations under the Charter Oak Policy are excess to those of the Defendant, Federated with respect to the Underlying Lawsuit.

8. Declaring that an actual controversy exists between the Plaintiff, Charter Oak and the Defendant, Federated with respect to Federated's duty to defend and indemnify CCI in connection with the Underlying Lawsuit.

9. Granting an award in favor of the Plaintiff, Charter Oak against the Defendant, Federated for all sums that Plaintiff, Charter Oak has paid and is continuing to pay in defending CCI as to the Underlying Lawsuit.

10. Granting an award in favor of the Plaintiff, Charter Oak for the costs of suit incurred herein, including reasonable attorney's fees.

11. Granting such other and further relief as the Court may deem just and proper.

Dated: Hartford, Connecticut
      January 13, 2026

                        RESPECTFULLY SUBMITTED:

                        THE PLAINTIFF,
                        The Charter Oak Fire Insurance Company

By:   /s/Logan A. Carducci
         Logan A. Carducci, Juris. No.439975
         Lcarducc@travelers.com
         Shahan J. Kapitanyan, *pro hac vice pending*
         skapitan@travelers.com
         USERY & ASSOCIATES
         Attorney for Plaintiff
         Main:917-778-6680
         Fax: 844-571-3789

         <u>Please address all correspondence sent by mail to:</u>
         P.O. Box 2996
         Hartford, CT 06104-2996